IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAUREEN WARD,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>HEALTHCARE SERVICES GROUP, INC.<br><br>　　　　Defendant. | CIVIL ACTION<br><br>FILE NO.: _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Maureen Ward (hereinafter "Ms. Ward" or "Plaintiff") files this Complaint against the Defendant Healthcare Services Group, Inc. (hereinafter "HSG" or "Defendant") showing the Court that Defendant discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 1981A ("Title VII"):

## INTRODUCTION

1.

Ms. Ward was hired by HSG as a housekeeper and assigned to work "full time" at the Rockdale Healthcare Center on or about July 27, 2020. On August 1,

1

2020, Ms. Ward notified her supervisor, Valencia Commodore, that she was pregnant. After that time, Ms. Ward experienced a reduction in her hours (and correspondingly, wages) which was inconsistent with the terms of her employment offered to her upon hire. When Ms. Ward inquired as to why her hours were less than what she had been promised, she was told repeatedly by her supervisor Ms. Commodore that the reduction in hours was due to her pregnancy. Furthermore, in October 2020, Ms. Commodore notified Ms. Ward that she had hired someone to replace Ms. Ward permanently due to her pregnancy. Since Ms. Ward was in good standing with Defendant and had always performed her work duties well, she inquired as to why she was being replaced. Ms. Commodore in turn asked invasive questions as to who would be taking care of Ms. Ward's child after birth and told Ms. Ward she did not believe Ms. Ward would return to work after giving birth.

## PARTIES

2.

At all times relevant to this action, Ms. Ward was a resident of the State of Georgia.

3.

At all times relevant to this action, Defendant Healthcare Services Group, Inc. was a Pennsylvania company subject to personal jurisdiction in Georgia, and was Ms. Ward's employer within the meaning of Title VII. Defendant may be served via

its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

## JURISDICTION, VENUE, AND ADMINISTRATIVE EXHAUSTION

4.

This Court's jurisdiction is proper pursuant to 28 U.S.C. § 1331 as the claims herein present a federal question.

5.

Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant resides in and conducts business in this district and division, and the unlawful actions and practices alleged herein were committed within the Northern District of Georgia.

6.

Defendant Healthcare Services Group, Inc. may be served with a summons and copy of the Complaint by delivering it to its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

7.

Ms. Ward has complied with all conditions precedent to the filing of this action, including filing timely a Charge of Discrimination with the Equal Employment Opportunity Commission (Charge No. 410-2021-00847), and received

a Notice of Right to Sue, and this action has been filed within ninety (90) days of receipt of said Notice.

## FACTS

8.

Ms. Ward was hired by Defendant as a housekeeper in July 2020. As part of her hire, and as a condition thereof, Ms. Ward took the job because she wastold by her supervisor, Valencia Commodore, an employee of Defendant, that she would be a full-time employee (40 hours per week). Ms. Ward is a female.

9.

On August 1, 2020, Ms. Ward informed Ms. Commodore that she was pregnant.

10.

After Ms. Ward told Ms. Commodore of her pregnancy, Ms. Ward's hours were reduced to less than forty (40) hours per week. When Ms. Ward asked Ms. Commodore why her hours were less than full-time and less than that of her peers, Ms. Commodore told Ms. Ward that it was due to her pregnancy.

11.

Between August 1, 2020 and mid-December 2020 when Ms. Ward went out on maternity leave, there were several weeks where Ms. Ward was assigned less shifts and/or her hours were reduced. When Ms. Ward inquired with Ms.

Commodore as to the reason for the lack of assignments and/or reduced hours, Ms. Commodore told Ms. Ward it was due to her pregnancy.

12.

In October 2020, Ms. Commodore told Ms. Ward that she had hired another individual to replace Ms. Ward permanently due to her pregnancy. When Ms. Ward responded that she had always performed her duties well and been complimented for her work such that there was no need to replace her, Ms. Commodore began asking invasive questions such as who would be taking care of Ms. Ward's child after delivery. Ms. Commodore also told Ms. Ward that she did not believe Ms. Ward would return to work after childbirth.

13.

Ms. Ward continued to work part-time for Defendant through mid-December 2020 when she went out on maternity leave.  After Plaintiff filed her EEOC charge in this case, Supervisor Commodore has singled Plaintiff out for discipline on pretextual grounds, has held Plaintiff to standards different from other similarly situated employees, and has otherwise harassed Plaintiff in retaliation for Plaintiff's filing of her EEOC charge.

14.

At no time during her pregnancy was Ms. Ward in need of any accommodation.  Ms. Ward performed her job well and was told by co-workers and

employees of the Rockdale Healthcare Center that she was doing a good job, and was seen as a good employee by Defendant.

15.

Defendant's reduction of Ms. Ward's hours and failure to assign shifts due to Ms. Ward's pregnancy constitute direct evidence of discrimination under the Pregnancy Discrimination Act.

16.

The effect of Defendant's above-stated actions has caused Ms. Ward to suffer out-of-pocket losses and mental and emotional distress for which she seeks redress. Further, Defendant is aware of its obligations under federal law, and its reduction of Ms. Ward's hours and non-assignment of shifts to Ms. Ward because of her pregnancy shows Defendant's willful and/or reckless disregard of Ms. Ward's federally protected rights, such that Defendant is liable for punitive damages.

**COUNT I:**
**SEX DISCRIMINATION BY ALTERING THE TERMS, CONDITIONS, AND PRIVILEGES OF PLAINTIFF'S EMPLOYMENT BASED ON <u>PREGNANCY IN VIOLATION OF TITLE VII</u>**

17.

Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

18.

Defendant unlawfully discriminated against Ms. Ward on the basis of her sex, which includes pregnancy, by withholding shifts and reducing Ms. Ward's hours due to her pregnancy.

19.

At all relevant times to this action, Defendant acted intentionally, willfully, and in bad faith towards Ms. Ward and with malice and reckless indifference to Ms. Ward's federally protected rights. Defendant's intentional acts towards Ms. Ward caused her to suffer financial loss, emotional pain and suffering, inconvenience, mental anguish, and other losses.

20.

As a result of Defendant's pregnancy discrimination described herein, Ms. Ward has suffered actual and compensatory damages, including but not limited to lost wages, back pay, attorney's fees, and punitive damages.

21.

Defendant, acting in bad faith, with malice or reckless disregard for Ms. Ward's federally protected rights, have been unnecessarily and stubbornly litigious and have caused Ms. Ward unnecessary trouble and expense for which Ms. Ward is entitled to recover from Defendant punitive damages, reasonable attorney's fees and all expenses of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

1) Issue judgment in favor of Plaintiff, Maureen Ward and against Defendant, Healthcare Services Group, Inc.;

2) Issue judgment in favor of Plaintiff that Defendant discriminated against Ms. Ward on the basis of her pregnancy in violation of Title VII and the Pregnancy Discrimination Act;

3) That Plaintiff Ward have and recover from Defendant back pay and benefits, with prejudgment interest thereon;

4) That Plaintiff Ward have and recover compensatory damages in an amount to be determined by a jury;

5) That Plaintiff Ward have and recover punitive damages in an amount to be determined by a jury;

6) That Plaintiff have and recover her attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988 and all other applicable federal laws; and

7) Any and other such further relief that this Court or the Finder of Fact deems equitable and just.

**Plaintiff demands a trial by jury.**

This 6th day of April, 2021.

                              Respectfully submitted,
                              HILL, KERTSCHER & WHARTON, LLP

                              By: /s/ Douglas R. Kertscher
                                  Douglas R. Kertscher
                                  Georgia State Bar No. 416265

                                *Attorney for Plaintiff*

3350 Riverwood Parkway
Suite 800
Atlanta, Georgia 30339
Telephone:  770-953-0995
Facsimile:  770-953-1358
E-mail:  drk@hkw-law.com